UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1: | David | Linnis | Poteat | ☐ Check if this is an amended plan, and list below the sections of the plan that have changed. |
| | First Name | Middle Name | Last Name | |
| Debtor 2: | Deborah | Ann | Poteat | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

Case Number:
(If known)

SSN# Debtor 1: XXX-XX-  **xxx-xx-5920**

SSN# Debtor 2: XXX-XX-  **xxx-xx-8382**

# CHAPTER 13 PLAN

**Section 1:  Notices.**

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with Local Rules and judicial rulings may not be confirmable.  *You must check each box that applies in § 1.1 and 1.3 below*.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions set out in Section 9 | ☑ Included | ☐ Not Included |

**To Creditors:**  The Debtor has filed for relief under Chapter 13 of the United States Bankruptcy Code.  In most instances, the filing automatically stays collection and other actions against the Debtor, Debtor's property and certain co-debtors.  If you attempt to collect a debt or take other action in violation of the bankruptcy stay you may be penalized.

Official notice will be sent to creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

**Following the conclusion of the meeting of creditors, a final plan will be served on all parties in interest and creditors, along with information about the deadline for filing objections to the plan and the time, date and place of the hearing on any timely filed objections. Creditors should read the plan carefully as your rights may be affected.**

The applicable commitment period is:

☑ 36 Months

☐ 60 Months

The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case is estimated to be $ **see section 9 below** .

**Section 2:  Payments.**

2.1  The Debtor will make payments to the Trustee as follows:

**$640.00** per **Month** for 36 months.

Additional payments  **NONE**

2.2 The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed. If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

**Section 3:   Fees and Priority Claims.**

3.1 **Attorney fees.**

☑ The Attorney for the Debtor will be paid the presumptive base fee of $ __4,500.00__ or a reduced fee of $ __4,500.00__.
The Attorney has received $ __0.00__ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will file an application for approval of a fee in lieu of the base fee.

3.2 **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3 **Priority Domestic Support Obligations ("DSO").**

 a. ☑ None

 b. The name and address of the holder of any DSO as defined in §101(14A) is as follows:

| Name of DSO Claimant | Address, City & State |
|---|---|
| **-NONE-** | |

 c. All post-petition DSO amounts will be paid directly by the Debtor to the holder of the claim and not by the Trustee.

 d. Arrearages owed to DSO claimants under 11 U.S.C.§507(a)(1)(A) not presently paid through wage garnishment will be paid by the Trustee as follows:

| Name of DSO Claimant | Estimated Arrearage Claim | Monthly Payment |
|---|---|---|
| **-NONE-** | | |

3.4 **Other Priority Claims to be Paid by Trustee.**

 a. ☐ None

 b. To Be Paid by Trustee

| Creditor | Estimated Priority Claim |
|---|---|
| **Internal Revenue Service** | **$0.00** |
| **North Carolian Department of Revenue** | **$0.00** |
| **NC Division of Employment Security** | **$2,503.00** |
| **Alamance Co. Tax Dept.** | **$0.00** |

**Section 4:   Secured Claims.**

4.1 **Real Property – Claims Secured Solely by Debtor's Principal Residence.**

 a. ☑ None

 b. ☐ Maintenance of Payments and Cure of Default.

| Creditor | Address of Residence | Current Y/N | Monthly Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

 c. ☐ Claims to be Paid in Full by Trustee

| Creditor | Address of Residence | Estimated Total Claim | Monthly Payment P & I | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

  d. ☐ Request for Valuation to Treat Claims as Totally Unsecured. *This will be effective only if the applicable box in Section 1.1. of this plan is checked.*

| Creditor | Address of Residence | Value of Residence | Amount of Claims Senior to Creditor's Claim | Estimated Total Claim | Amount of Secured Claim |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

**4.2**  **Real Property – Claims Secured by Real Property Other Than by Debtor's Principal Residence AND Claims Secured by Debtor's Principal Residence and Additional Collateral.**

  a. ☑ None

  b. ☐ Maintenance of Payments and Cure of Default.

| Creditor | Collateral | Current Y/N | Monthly Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

  c. ☐ Claims to be Paid in Full by Trustee.

| Creditor | Collateral | Estimated Total Claim | Monthly Payment P & I | Monthly Escrow Payment | Interest Rate |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

  d. ☐ Request for Valuation to Treat Claims as Secured to the Value of the Property and any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Collateral | Value of Property | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment to Creditor | Interest Rate |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

**4.3**  **Personal Property Secured Claims.**

  a. ☐ None

  b. ☐ Maintenance of Payments and Cure of Default.

| Creditor | Collateral | Monthly Payment | Estimated Arrearage Amount on Petition Date |
|---|---|---|---|
| **-NONE-** | | | |

  c. ☑ Claims Secured by Personal Property to be Paid in Full.

| Creditor | Collateral | Estimated Total Claim | Monthly Payment | Interest Rate | Adequate Protection Payment |
|---|---|---|---|---|---|
| **Automatic Financing, Inc.** | 2006 Chevrolet HD 2500 LE Truck | $4,600.00 | $120.00 | 7.5% | 0.00 |

  d. ☐ Claims Secured by Personal Property excluded from 11 U.S.C. § 506 being either (i) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor, or (ii) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value. The filed claim must include documentation to show exclusion from 11 U.S.C. § 506 in order to be paid in full.

| Creditor | Collateral | Estimated Total Claim | Monthly Payment | Interest Rate | Adequate Protection Payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

e. ☐ Request for Valuation to Treat Claims as Secured to the Value of the Collateral and Any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d and 4.3.e as applicable. For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed *Amount of Secured Claim*. For secured claims of governmental units, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6.1 of this plan. If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

The holder of any claim listed in Section 4 as having value in the column headed *Amount of Secured Claim* will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under non-bankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Section 5:    **Collateral to be Surrendered.**

a. ☑ None

b. ☐ The Debtor Proposes to Surrender to Each Creditor Listed Below the Collateral that Secures the Creditor's Claim.

Upon timely filing of a claim evidencing a non-avoidable lien, the Debtor will surrender the collateral in satisfaction of the secured claim, and the stay under 11 U.S.C. § 362(a) will be terminated as to the collateral only and the stay under § 1301 will be terminated in all respects effective upon confirmation of this plan. Effective upon confirmation the creditor will be allowed a period of 120 days for personal property and a period of 180 days for real property to file a documented deficiency claim. Any allowed unsecured claim resulting from disposition of the collateral will be treated as an unsecured claim under Section 6.

| Creditor | Collateral to be Surrendered |
|---|---|
| -NONE- | |

Section 6:    **Nonpriority Unsecured Claims.**

6.1 **Nonpriority Unsecured Claims Not Separately Classified.**

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full. The estimated dividend to nonpriority unsecured claims is **100**%.

6.2 **Separately Classified Nonpriority Unsecured Claims.**

a. ☑ None

b. ☐ Allowed Nonpriority Unsecured Claims Listed Below are Separately Classified.

| Creditor | Basis for Separate Classification (Include Name and Address of Co-Debtor, if Applicable) | Estimated Total Claim | Monthly Payment | Interest Rate (If applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

Section 7:   **Executory Contracts and Unexpired Leases.**

    a. ☐ None

    b. ☐ Executory Contracts and Leases to be Rejected.

| Creditor | Nature of Lease or Contract |
|---|---|
| **-NONE-** | |

    c. ☑ Executory Contracts and Leases to be Assumed.

| Creditor | Nature of Lease or Contract | Monthly Payment | Payment by Debtor or Trustee | Arrearage Amount | Arrearage Paid by Debtor or Trustee | Monthly Payment on Arrearage |
|---|---|---|---|---|---|---|
| **RTO National** | **see section 9 below** | | | | | |

Section 8:   **Local Standard Provisions.**

8.1  a.  All payments on any claim secured by real property will be disbursed by the Trustee unless the account is current, in which case the Debtor may elect to continue making payments directly. All payments on any claim secured by personal property will be disbursed by the Trustee, unless otherwise ordered by the Court.

      b.  Proofs of claim must be filed to receive disbursements pursuant to the plan.

      c.  Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the property. Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.

      d.  All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.

      e.  All insurance and extended service contract coverage on unsecured claims are canceled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein or in the order confirming plan.

      f.  Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.

8.2  THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:

      a.  The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

      b.  If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

      c.  For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney. The first escrow analysis must be filed with the proof of claim in accordance with Rule 3002.1 of the Federal Rules of Bankruptcy Procedure ("FRBP"). The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

      d.  The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

      e.  The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

    f.   Nothing herein shall modify Holder's responsibilities under Rule 3002.1 of the FRBP.

    g.   Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

**8.3   PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN RULE 3002.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE ("FRBP").**
Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Rule 3002.1 of the FRBP or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

**Section 9:   Nonstandard Plan Provisions.**

    a.   ☐ None

    b.   The following plan provisions will be effective only if there is a check in the box "Included" in Section 1.3.

**RTO NATIONAL** is listed as having an unsecured claim for $2,650.00, which is for a consumer lease agreement for a 12' x 30' aluminum shed. The Debtors propose to retain the shed and propose to pay the claim through disbursements by the standing trustee in monthly payments of $202.89 on the unsecured claim for 11 payments beginning with a payment for July 2019 and cure the payment default which is estimated to be $552.00 through and including the June 2019 payment due under the contact, with payments of $23.00 a month for the arrearage. The contract provides that the Debtors will own the building upon completion of 11 monthly payments.

THIS PLAN SHALL CONTAIN TWO CLASSES OF UNSECURED CLAIMS WITH CLASS A CLAIMS BEING ANY TIMELY FILED UNSECURED CLAIMS DOCUMENTING JOINT INDIVIDUAL OR JOINT LIABILITY OF THE MALE DEBTOR AND CLASS B CLAIMS BEING ANY TIMELY FILED UNSECURED CLAIMS DOCUMENTING INDIVIDUAL OR JOINT LIABILITY OF THE FEMALE DEBTOR. CLASS A CLAIMS WILL BE PAID IN FULL WITH INTEREST AT INTEREST AT 7.5% PER ANNUM DUE TO LIQUIDATION VALUE OF THE ESTATE BEING $83,601.00.

**Section 10:   Signature(s):**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

| | |
|---|---|
| X  /s/David Linnis Poteat | X  /s/Deborah Ann Poteat |
| **David Linnis Poteat** | **Deborah Ann Poteat** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on   June 7, 2019 | Executed on   June 7, 2019 |

**/s/ Phillip E. Bolton**                          Date:   June 7, 2019
**Phillip E. Bolton 12326NC**
Signature of Attorney for Debtor(s)

Address:   **622-C Guilford College Road**
               **Greensboro, NC 27409**
Telephone:  **336-294-7777**
State Bar No:  **12326NC**

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in MDNC Local Form 113, other than any nonstandard provisions included in Section 9.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| In re: **David Linnis Poteat** | ) | Case No. 18-10246 |
| **Deborah Ann Poteat** | ) | |
| **5304 N. NC Highway 87** | ) | |
| (address) | ) | |
| **Gibsonville NC 27249-0000** | ) | PROPOSED CHAPTER 13 PLAN |
| SS# XXX-XX- **xxx-xx-5920** | ) | |
| SS# XXX-XX- **xxx-xx-8382** | ) | |
| | ) | |
| Debtor(s) | ) | |

AMENDED CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid , to the following parties at their respective addresses:

**Reid Wilcox**
**Clerk of Court**
**U.S. Bankruptcy Court**
**Middle District of North Carolina**
**P.O. Box 26100**
**Greensboro, NC 27402**

**Anita Jo Kinlaw Troxler**
**Chapter 13 Trustee**
**Greensboro Division**
**Post Office Box 1720**
**Greensboro, NC 27402-1720**

**AFNI**
**P.O. Box 4115**
**Concord, CA 94524**

**Alamance Co. Tax Dept.**
**124 W. Elm Street**
**Graham, NC 27253**

**Ashley Funding Capital, LLC**
**c/o Resurgent Capital Services**
**PO Box 10587**
**Greenville, SC 29603-0587**

**AutoMatic Financing**
**Attention: Managing Agent**
**7048 Knighdale Boulevard, Suite 100**
**Knightdale, NC 27545**

**Cone Health**
**1200 N. Elm St.**
**Greensboro, NC 27401**

**NC Division of Employment Security**
**P.O. Box 25903**
**Raleigh, NC 27611-5903**

**Fastmed Urgent Care**
**935 Shotwell Road, Suite 108**
**Clayton, NC 27520**

**Greensboro Radiology**
**P.O. Box 63012**
**Charlotte, NC 28263**

**IC Systems, Inc.**
**P.O. Box 64437**
**Saint Paul, MN 55164**

**Internal Revenue Service**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

**ICA Collections**
**P.O. Box 2240**
**Burlington, NC 27216**

**NC Dept. of Revenue**
**P.O. Box 1168**
**Raleigh, NC 27640**

**Oertel Koonts & Oertel Pllc**
**3493 Forestdale Drive, Suite 103**
**Burlington, NC 27215**

**Rimtyme Custom Wheels & Tires**
**Attention: Managing Agent**
**3171 Hillsborough Road**
**Durham, NC 27705**

**RTO National**
**104 Mauldin Road**
**Greenville, SC 29605**

**UNC Healthcare**
**PO Box 1123**
**Minneapolis, MN 55440-1123**

**Verizon**
**4515 N Santa Fe Ave.**
**Oklahoma City, OK 73118**

Date    June 7, 2019

/s/ Phillip E. Bolton
**Phillip E. Bolton 12326NC**